**Carson v. Carson**

*Scott T. Williams*, for plaintiff.

SMITH, *J.*, October 10, 1983—On July 18, 1983, the plaintiff filed the present divorce action in the Court of Common Pleas of Lycoming County. The affidavit attached to the complaint alleges that the complaint and an affidavit under Section 201(d) of the Divorce Code were served upon the defendant by registered mail, return receipt requested, addressed to the defendant at 3556 Highland Drive, Salt Lake City, Utah. On September 13, 1983, plaintiff filed a document entitled Certificate of Service, which indicates that the certified letter containing the complaint and affidavit was returned to plaintiff, marked by the post office "unclaimed". The certificate states that plaintiff then served defendant with the complaint and affidavit by regular mail on August 1, 1983, and on September 13, 1983. Attached to the certificate is a copy of the envelope which is addressed to defendant and which clearly notes that the envelope was returned to the sender because it was unclaimed.

The rule dealing with this situation is Pa.R.C.P. 2079(c), which states:

"Outside the Commonwealth the plaintiff shall have the right of service within ninety days after the

issuance of the writ or the filing of the Complaint or the reissuance or reinstatement thereof. . ."

(3) by registered letter sent by the plaintiff, the plaintiff's attorney or any competent adult addressed to the last known address of the defendant and requiring a receipt signed by the defendant. If the letter is returned by the post office without a receipt signed by the defendant but with notation by the postal authorities that the defendant *refused to accept the letter*, the plaintiff shall have the right of service by ordinary mail, addressed to the defendant at the same address with the return address of the sender appearing thereon. . .(Emphasis added.) The question presented to the court is whether the notation "unclaimed" satisfies the above-quoted rule that uses the word "refused".

The court has been unable to find any cases which decide this precise point, but it seems clear that "unclaimed" is not the same as "refused". First, the language of the rule indicates that the returned letter must state that it was "refused". The rubber stamp marking on the copy of the returned envelope has a space for an indication that the letter was "refused" or "unclaimed". The space by the word "unclaimed" was checked by a postal employee. That the word "unclaimed" was checked indicates that the situation at hand is not that anticipated by Rule 2079(c)(3).

Second, the word "unclaimed" is an ambiguous word, not as susceptible to a clear interpretation as the word "refused". The word "refused" indicates that an employee of the postal service presented the certified letter to the defendant, and that the defendant refused to accept the letter. In such a case we can be certain of a number of things: (1) that defendant was presented with the complaint; (2) that defendant was located at the address to which the

certified letter was directed and (3) that a subsequent letter sent by regular mail would be sent to the address where the defendant would receive it. On the other hand, a letter which is returned with a notation "unclaimed" does not present any such assurances.

The difference between the two notations is that the "refused" notation indicates that defendant had some contact with the certified letter, while the "unclaimed" notation does not provide any such guarantee. The court finds that in order to comply with the dictates of due process, service by regular mail under Rule 2079(c)(3) may only occur after a certified letter has been returned to the sender with the notation "refused".

There are several other alternatives which are available to plaintiff other than those provided by Rule 2079(c)(3). The quickest and easiest way to provide effective service is to have defendant personally served by the sheriff of the county in which he resides. If plaintiff is unable to obtain such personal service because defendant has obstructed or prevented service of process by concealing his whereabouts, plaintiff is entitled to have service as directed by a special order of court.

The court notes that even if the letter had been returned marked "refused", service in this case would not have complied with the Rules of Civil Procedure. Rule 2080 requires that plaintiff provide three items to the court: (1) the original of the envelope which was returned to the sender with the notation that the defendant refused to accept the letter, (2) an official certificate of the mailing of the letter sent by ordinary mail, and (3) an affidavit of the non-return of the letter sent by ordinary mail. None of these three items was provided to the court.

## ORDER

And now, this October 10, 1983, plaintiff's request for the court to enter a decree in divorce is denied.